MURPHY, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s decision to affirm Williams’ conviction. I respectfully dissent, however, from the conclusion that this case should be remanded for resen-tencing pursuant to United States v. Booker, — U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Williams did not raise the issue of the constitutionality of the United States Sentencing Guidelines in the district court and cannot establish that the court committed plain error. I would therefore affirm Williams’ sentence.
To establish plain error, Williams must demonstrate (1) error, (2) that is plain, and (3) that affected his substantial rights. United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). If the error meets all these conditions, this court may exercise discretion to correct the error if it would seriously affect the fairness, integrity, or public reputation of judicial proceedings to let the error stand. Id. at 631-32, 122 S.Ct. 1781. I agree with the majority that the first two prongs of the plain-error test are satisfied in this case. See United States v. Gonzalez- *1201 Huerta, 403 F.3d 727, 732 (10th Cir.2005) (en banc). Furthermore, the district court’s statements at sentencing indicate that it would almost certainly have given Williams a lower sentence under an advisory Guidelines system. This is sufficient to satisfy the third prong of the plain-error test because it satisfies Williams’ burden of showing “a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.” United States v. Dominguez Benitez, 542 U.S. 74, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004).
I disagree with the conclusion of the majority, however, that Williams can satisfy the “fairness, integrity, or public reputation of judicial proceedings” portion of the plain-error test (the so-called “fourth prong” of the test). This court will exercise its discretion to notice plain error only when the error is “particularly egregious” and failure to notice the error would produce “a miscarriage of justice.” United States v. Gilkey, 118 F.3d 702, 704 (10th Cir.1997) (quotation omitted). The defendant has the burden of establishing that the fourth prong is satisfied. Gonzalez-Huerta, 403 F.3d at 737. In United States v. Trujillo-Terrazas, this court recognized that most defendants in non-constitutional Booker cases will fail to meet this demanding requirement. No. 04-2075, 405 F.3d at 814, 820-21, 2005 WL 880896 (10th Cir.2005). The district court’s error in such a case “is not the substantive error first recognized in Blakely and which Booker sought to eliminate — namely, that the Sixth Amendment is violated when a judge, rather than a jury, finds facts that mandatorily increase a defendant’s sentence.” Gonzalez-Huerta, 403 F.3d at 738. Rather, the error “is only error insofar as it runs afoul of the Court’s remedy for the unconstitutional implications of the Guidelines.” Id.
It is for this reason that Williams cannot satisfy the fourth plain-error prong. The majority correctly notes that the district court’s use of prior convictions to enhance Williams’ sentence did not implicate the Sixth Amendment and that Williams’ sentence was therefore not unconstitutional. In fact, the sentence imposed by the judge was perfectly proper at the time of sentencing and did not become error in any sense until after the Supreme Court issued its remedial holding in Booker. Williams can therefore claim he suffered error at sentencing only because the Supreme Court chose to remedy a constitutional problem in an entirely different class of cases by making the Guidelines advisory in all cases. See id. (noting “[t]he fortuity of the Court’s choice to excise 18 U.S.C. § 3553(b)(1), instead of a remedy more directly related to the underlying constitutional problem”). As the Trujillo-Terra-zas panel noted, “a non-constitutional Booker error is ‘error’ at all only as the serendipitous consequence of the sever-ability analysis the Supreme Court employed to correct the constitutional infirmity created by the combination of judicial factfinding and mandatory application of the Guidelines.” Trujillo-Terrazas, 405 F.3d at 820-21.
Although the court in Trujillo-Terrazas recognized the difficulty of satisfying the fourth plain-error prong in cases of non-constitutional Booker error, the court did conclude that the test was satisfied in that case. Id. at 821. The defendant in Trujillo-Terrazas received a sixteen-level enhancement to his base offense level based on a prior conviction for arson. Id. at 817. The arson conviction resulted from the defendant’s act of tossing a lighted match through a car window and thereby causing $35 in damage. Id. The court concluded that the fourth plain-error prong was satisfied because the “comparatively innocuous” nature of the prior conviction present *1202 ed a compelling case that a significant departure from the Guidelines range might be warranted. Id. at 817, 821. I question the result reached by the court in Trujillo-Terrazas because I believe that rarely, if ever, will a defendant be able to establish that non-Sixth Amendment Booker error constitutes a “miscarriage of justice.” [1] Regardless of the result under its particular facts, however, the case still stands for the principle that non-Sixth Amendment Booker error can satisfy the fourth prong of the plain-error test only in the rarest of circumstances. See id. at 820-21.
In contrast to the defendant in Trujillo-Terrazas, the bulk of Williams’ sentence in this case was the result of a statutory mandatory minimum. See 18 U.S.C. § 924(e) (requiring a fifteen-year mandatory minimum sentence). Because the fifteen-year minimum sentence is unaffected by the holding in Booker, any unfairness in this case must result from the additional thirty months above the statutory minimum that the Guidelines mandated in this case. See United States v. Moore, 401 F.3d 1220, 1223-24 (10th Cir.2005) (holding that the fact of a prior conviction under § 924(e) need not be proved to a jury beyond a reasonable doubt). This extra thirty months of imprisonment, however, was based solely on Williams’ exceptionally violent criminal history, which included the violent robbery of a grocery store and conspiracy to commit bank robbery, among other crimes.[2] Considering that district courts post -Booker must continue to impose the fifteen-year statutory minimum on defendants with substantially less severe criminal histories, I do not consider it particularly unfair to let stand a thirty-month enhancement reflecting the relative severity of Williams’ past criminal conduct. See Gonzalez-Huerta, 403 F.3d at 738 (“[T]he purpose of the Guidelines was to promote uniformity in sentencing so as to prevent vastly divergent sentences for offenders with similar criminal histories and offenses.”). Unquestionably, the facts giving rise to Williams’ sentence enhancements under the Guidelines present substantially greater justification for the enhancement than the single prior conviction in Trujillo-Terrazas.
The district court’s expression of dissatisfaction with the length of Williams’ sentence should not change the result in this case. The district court’s comments do demonstrate a reasonable probability of a lower sentence under an advisory Guidelines scheme and thereby satisfy the third prong of the plain-error test. They do not, however, demonstrate that Williams’ sentence constitutes a miscarriage of justice. See Gonzalez-Huerta, 403 F.3d at 736 (noting that this court is'“bound to treat the third and fourth prongs as independent inquiries”). As this court recognized in Gonzalez-Huerta, “for the last eighteen years, every federal court has given the Guidelines tacit, and in most cases explicit, approval, applying them to tens of thousands of federal sentences.” Id. at 739. The Guidelines were perfectly constitutional as applied to many of these cases, and this court “cannot possibly say that all sentences imposed before Booker threatened the fairness, integrity, or public reputation of judicial proceedings, or undermined our confidence in the outcome of the *1203 sentence, simply because the Guidelines were mandatory.” Id. (quotation omitted). For this reason, “[ejven if a defendant can demonstrate that the district court felt particular sympathy for him, and might impose a lesser sentence on remand, failing to correct this type of plain error would not impugn the fairness, integrity, and public reputation of judicial proceedings.” Trujillo-Terrazas, 405 F.3d at 821.
This court has held that the fourth prong of the plain-error test is satisfied “only in those rare cases in which core notions of justice are offended.” Gonzalez-Huerta, 403 F.3d at 739. I cannot agree that core notions of justice would be offended by denying Williams a remedy adopted by the Supreme Court in response to constitutional error in an entirely different class of cases, at least when he failed to raise this argument in front of the district court. For this reason, I respectfully dissent.

. The time for filing an application for rehearing in Trujillo-Teirazas has not yet expired.

. In addition, Williams' criminal history was enhanced because the present offense was committed while he was on probation. Although Williams also has convictions for second degree murder and first degree robbery, these convictions did not factor into his criminal history category because of the age of the crimes.