**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 2 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL DUSTIN ELIJAH
GAMBLE,

Defendant - Appellant.

No. 04-2076

(D. New Mexico)

(D.C. No. CR-03-2121-RB)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Samuel Dustin Elijah Gamble pled guilty to possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and aiding and abetting. He appeals the 188-month sentence imposed. We affirm.

## BACKGROUND

On July 28, 2003, Gamble was stopped for speeding while driving a truck in Grant County, New Mexico. A drug-sniffing dog subsequently alerted to the truck, a search of which led to the discovery of 245.72 kilograms of marijuana. Gamble then admitted he was aware the marijuana was in the truck.

After he pled guilty without the benefit of a plea agreement, the probation office determined that Gamble's total offense level was 31 and that he had a criminal history category of VI. This resulted in a sentencing range of 188 to 235 months under the United States Sentencing Commission, Guidelines Manual ("USSG"). As a part of the calculation of his total offense level and his criminal history category, the probation office determined that Gamble was a career offender under USSG §4B1.1 because he had two previous convictions for aggravated felonies.[1]

---

[1]Assessment as a career offender mandates a criminal history category of VI. USSG §4B1.1(b).

Although conceding that his criminal history category of VI was "technically correct," Gamble filed a motion for a downward departure, claiming that his criminal history category, based upon his assessment as a career offender, over-represented the seriousness of his prior criminal conduct. In particular, he argued that his 1996 conviction in Texas for burglary of a habitation was not as serious as it appeared because he was only seventeen at the time, and his conduct involved entering his stepfather's home and stealing a coin collection. The government responded that Gamble's fourteen criminal history points actually under-represented his criminal history because several misdemeanor convictions were omitted, as were several arrests which had been dismissed in exchange for guilty pleas to other charges. Furthermore, because his criminal history points based upon other past criminal conduct placed him in criminal history category VI, the government argued that the career offender assessment had no practical effect on his criminal history category.

At Gamble's sentencing hearing, the district court denied his motion for a downward departure, adopted the findings and recommendations of the probation office's Presentence Report, and sentenced Gamble to 188 months. He appeals, arguing (1) the district court committed plain error when it characterized his prior Texas conviction for burglary of a habitation as a violent crime and therefore sentenced Gamble as a career offender; and (2) his sentence was plain error under

Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).[2]

## DISCUSSION

### I. Career Offender

Because he failed to object before the district court to the determination that his Texas conviction for burglary of a habitation was a "crime of violence" for purposes of the career offender guideline, USSG §§4B1.1(a), 4B1.2(a)(2),[3] Gamble concedes that our standard of review is plain error. He also concedes that we have previously rejected the identical argument he now makes. United States v. Spring, 80 F.3d 1450, 1462-63 (10th Cir. 1996) (holding that a Texas conviction for burglary of a habitation qualifies as a "crime of violence" for purposes of USSG §4B1.1's career offender provisions). He asks us to overrule Spring. We cannot do that, absent en banc review, which we decline to seek. Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1229 (10th Cir. 2001) ("[I]t is well established that one panel 'cannot overrule the judgment of another panel of

---

[2]Blakely was issued after Gamble was sentenced. When Booker was issued, we directed both parties to file supplemental briefs on the effect of that decision on this case.

[3]In the district court, Gamble did not object to his designation as a career offender as such. Rather, he argued that the career offender status contributed to the over-representation of the seriousness of his criminal history.

this court . . . absent en banc reconsideration or a superseding contrary decision by the Supreme Court.'") (quoting In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam)). In light of Spring, the district court did not err when it sentenced Gamble as a career offender.[4]

## II. Validity of Sentence under Blakely/Booker

Blakely and Booker have established that, for purposes of the Guidelines, the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. See United States v. Gonzalez-Huerta, No. 04-2045, 2005 WL 807008, at *1 (10th Cir. Apr. 8, 2005) (en banc). Booker further held that the Guidelines are advisory, rather than mandatory. The Court's decision applies to all cases on direct review. Booker, 125 S. Ct. at 769.

Gamble did not argue to the district court that his sentence was unconstitutional or otherwise infirm. On appeal, he argues that Blakely and Booker necessitate a remand for resentencing "consider[ing] the Guidelines and

---

[4]The Supreme Court's recent decision in Shepard v. United States, 125 S. Ct. 1254 (2005), does not affect our analysis.

related police statements with the other factors listed in Section 3553(a)."

Appellant's Supplemental Br. at 3. In particular, because he had argued prior to

sentencing that the career offender designation over-represented his criminal

history, "[t]he district court should have the opportunity to fully consider the

actual circumstances of Gamble's prior convictions in determining whether a 188-

month sentence was warranted for this young man whose prior convictions were

relatively less serious and occurred when he was a juvenile." Id.[5]

Except for his challenge to the use of his prior conviction to determine that

he is a career offender, Gamble does not argue that his sentence was enhanced

based upon any other judicial factual determinations, in violation of the Sixth

Amendment. He simply argues that his sentence is unlawful because it was

---

[5]Other than asking us to overturn our prior caselaw holding that a Texas conviction for burglary of a habitation qualifies as a "crime of violence" for career offender purposes, Gamble does not seriously challenge the validity of his career offender enhancement after Blakely and Booker. The career offender provisions rely upon the existence of prior convictions. We have consistently held that the rule of Apprendi and Blakely does not apply to sentencing determinations based upon prior convictions. Booker itself repeated that rule, and the Supreme Court's most recent decision on the use of prior convictions in sentencing, Shepard v. United States, 125 S. Ct. 1254 (2005), did not overturn the rule. Indeed, we have recently explicitly held that "Booker . . . and Shepard . . . do not require the government to charge in an indictment or prove to a jury either the existence of prior convictions or their classification as 'violent felonies.'" United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005); see also United States v. Cooper, 375 F.3d 1041, 1052 n.3 (10th Cir.) (noting that "the facts that increase the penalty beyond the statutory maximum are facts of prior conviction, for which Apprendi makes specific exception"), cert. denied, 125 S. Ct. 634 (2004).

imposed by a court operating under the view that the Guidelines were mandatory, when in fact, as Booker now tells us, they were only advisory. Gamble thus raises a non-constitutional Booker error. See Gonzalez-Huerta, 2005 WL 807008, at *2 (discussing difference between Booker constitutional error and Booker non-constitutional error). Because Gamble failed to raise this issue before the district court, we review it for plain error. Gonzalez-Huerta, id. at *3; cf. Booker, 125 S. Ct. at 769 ("[W]e expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test.").

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 2005 WL 807008, at *3 (further quotation omitted). As Booker makes clear, the district court's mandatory application of the Guidelines was plain error, thereby satisfying the first two prongs of plain-error review. See Gonzalez-Huerta, 2005 WL 807008, at *3. We consider, therefore, whether Gamble has satisfied the third and/or fourth prongs of plain-error review.

The third prong of plain-error review, requiring the defendant to establish that the error affected his substantial rights, "usually means that the error must have affected the outcome of the district court proceedings." United States v.

Cotton, 535 U.S. 625, 632 (2002) (quotations omitted); see also United States v. Olano, 507 U.S. 725, 734 (1993). Gamble bears the burden of making this showing. Gonzalez-Huerta, 2005 WL 807008, at *3. To meet this burden, Gamble must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" Id. (quoting United States v. Dominguez Benitez, 124 S. Ct. 2333, 2339 (2004)).

We have recently held that, "[a]pplying the sentencing factors listed in § 3553(a) to [defendant's] case provides a strong indication that had the district court applied the Booker framework, his sentence would have been lower and this lower sentence would be reasonable." United States v. Trujillo-Terrazas, No. 04-2075, 2005 WL 880896, at *3 (10th Cir. Apr. 13, 2005); see also United States v. Dazey, Nos. 03-6187, 03-6205, 03-6208, 03-6228, 2005 WL 846227, at *20 & n.2 (10th Cir. Apr. 13, 2005) (noting that a non-constitutional Booker error may affect substantial rights if the defendant shows "a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range") (footnote omitted). In Trujillo, we held that the "relatively trivial nature of [defendant's] criminal history is at odds with the substantial 16-level enhancement recommended by the Guidelines for this conduct." Trujillo, 2005 WL 880896, at *3. The "trivial" criminal history in

Trujillo refers to a substantial (16-level) enhancement for a single prior conviction for arson, where the defendant tossed a lighted match through a car window, causing $35 in damage. Moreover, the district court in Trujillo "expressed dissatisfaction with the mandatory character of the Guidelines." Id. at *4. Thus, in Trujillo, there was both a "disconnect between the newly relevant § 3553(a) factors and the sentence given," id. at *3, and there was an expression of dissatisfaction with the mandatory Guideline structure. Id. at **3-4; see United States v. Clifton, No. 04-2046, 2005 WL 941581, at *6 (10th Cir. Apr. 25, 2005) ("[A] defendant can show a non-constitutional Booker error affected substantial rights with evidence of (1) a disconnect between the § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case.").

By contrast, in this case, Gamble's criminal history was far from trivial, with eight prior convictions, seven of which added points to his criminal history. While Gamble focuses on the allegedly trivial nature of one of his prior offenses, a felony burglary of a habitation offense, his numerous other offenses place him firmly in a very high criminal history category, even were we to conclude, which we have not, that he did not deserve to be treated as a career offender because of the prior burglary conviction.

Furthermore, the district court did not express dissatisfaction with the Guidelines; at best, the court noted that, due to Gamble's youth and history of drug-related conduct, he had placed himself in a very unfortunate situation, but that the court hoped incarceration would provide a "lifeboat" to Gamble, so that he could:

> in a structured, safe, environment, where, hopefully, it's drug-free, . . . grow. You can get through the emotional problems that have resulted in bringing you here, the physical problems, and learn a trade, do all of those things, so that when this time has been spent, you'll still be alive, you'll be healthy, and you'll be ready to hit the ground running.

Tr. of Sentencing Proceedings at 7, R. Vol. III. Although the district court sentenced Gamble at the low end of the suggested Guideline range, Gamble points to nothing else in the record suggesting a reasonable probability that the district court, in a post-Booker discretionary sentencing world, would have sentenced him any differently. He has therefore failed to meet the third prong for plain-error review. We need not proceed to the final prong of plain-error review.[6]

---

[6]We note that, in Gonzalez-Huerta, we stated that we need not address the third prong of plain-error review if we conclude that the defendant could not satisfy the fourth prong by demonstrating that the district court's error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Gonzalez-Huerta, 2005 WL 807008, at *6; see also United States v. Lawrence, No. 02-1259, 2005 WL 906582, at *12 (10th Cir. Apr. 20, 2005). However, we see no reason not to resolve a case on the ground that the defendant failed to show that his substantial rights were affected, if the record makes it clear, as in this case, that the defendant has failed to meet his burden to show such an effect.

**CONCLUSION**

For the foregoing reasons, we AFFIRM Gamble's sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge