**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 22, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JERRY PETERSON also known as
Jerry D. Peterson,

    Defendant - Appellant.

No. 04-1267
(D. Colorado)
(D.Ct. No. 03-CR-371-WM)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jerry Peterson pled guilty to conspiracy to distribute and to possess with

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

intent to distribute five grams or more of cocaine base. 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). He was sentenced to sixty-seven months imprisonment. He appeals, arguing he was sentenced in violation of *United States v. Booker*, - - U.S. - -, 125 S.Ct. 738 (2005). Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

Peterson was charged in a multi-count indictment with controlled substance offenses. On February 21, 2004, Peterson entered into a plea agreement with the Government wherein he agreed to plead guilty to count one of the indictment (conspiracy to distribute and to possess with intent to distribute) and the Government agreed to recommend a three-level reduction for acceptance of responsibility. *See* USSG §3E1.1(a) and(b). In addition, the Government promised if Peterson would provide substantial assistance, it would move for a downward departure pursuant to USSG §5K1.1. The parties stipulated to the factual basis for Peterson's plea. Peterson admitted he and his accomplices distributed 219.8 grams of crack cocaine. Based on the stipulated drug quantity, the presentence investigation report (PSR) calculated a base offense level of 34, *see* USSG § 2D1.1(c)(3), with a criminal history category III. Given a three-level reduction for acceptance of responsibility, Peterson's guideline range for sentencing was 135-168 months imprisonment.

At Peterson's first scheduled sentencing hearing on June 25, 2004, the district court asked the parties if they wished to address the Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), a decision published the previous day, in which the Court invalidated Washington's sentencing guidelines under the Sixth Amendment. Because counsel had not had an opportunity to read the case and the court wished to consider criminal history issues raised by Peterson,[1] the sentencing hearing was continued until July 1, 2004. At that time, Peterson's counsel conceded *Blakely* did not apply to the proceedings because Peterson had stipulated to the factual basis for his guilty plea. The Government filed a motion for a fifty percent downward departure from the bottom of the guideline range pursuant to the plea agreement. The court granted the motion and sentenced Peterson to a sixty-seven month term of imprisonment.[2] On appeal, Peterson raises a single issue. He claims his sentence violates the principles set forth in *Booker* because the district court applied the sentencing guidelines as mandatory.

## II. Discussion

In *Booker*, the Supreme Court extended its holding in *Blakely* to the federal sentencing guidelines, holding that the Sixth Amendment requires "[a]ny fact

---

[1] Peterson objected to his criminal history category, an issue not raised on appeal.

[2] The statutory minimum for Peterson's offense is sixty months imprisonment. 21 U.S.C. § 841(a)(1) and (b)(1)(B).

(other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [to] be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 755-56. To remedy the constitutional infirmity of the guidelines, *Booker* invalidated their mandatory nature, requiring the district court to consult them as advisory. *Id.* at 756-57 (severing and excising 18 U.S.C. §§ 3553(b)(1), 3742(e)).

Because Peterson did not raise a Sixth Amendment violation before the district court, we review for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 730 (10th Cir. 2005) (en banc). To establish plain error, he must demonstrate there is (1) error, (2) that is plain and (3) the error affects his substantial rights. *United States v. Dazey*, 403 F.3d 1147, 1174 (10th Cir. 2005); *Gonzalez-Huerta*, 403 F.3d at 732. If these three prongs are met, we may exercise our discretion to correct the error if Peterson establishes "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings[,]" i.e. the fourth prong of plain error review. *Dazey*, 403 F.3d at 1174; *Gonzalez-Huerta*, 403 F.3d at 736-37.

The first two prongs of the plain error test have been met—there was error and the error was plain. *Gonzalez-Huerta*, 403 F.3d at 732. However, contrary to Peterson's arguments, the error was not a structural error, but a "non-

-4-

constitutional *Booker* error" because no judicial fact-finding occurred at sentencing. *Id.* at 731-32 (holding "non-constitutional *Booker* error" occurs when the district court applies the guidelines in a mandatory rather than advisory fashion, even though the resulting sentence was calculated based solely upon facts admitted by the defendant or found by a jury). Peterson stipulated to the relevant facts. Thus, his sentence was based solely on his admissions and no Sixth Amendment violation occurred.

Moving to the third prong of plain error review, Peterson must show the district court's erroneous mandatory application of the guidelines "affected the outcome of the district court proceedings." *Dazey*, 403 F.3d at 1175 (quotations omitted). However, we need not decide whether he has satisfied the third prong of the plain error test because, even if he has, he has not met the fourth prong. *See Gonzalez-Huerta,* 403 F.3d at 736 (concluding it was unnecessary to determine whether the third prong of the plain error test was met because the fourth prong must also be satisfied to obtain relief and the fourth prong was not met).

If "non-constitutional *Booker* error" is involved, as in this case, the standard for satisfying the fourth prong of the plain error test is "demanding"—the defendant must show that the error is "particularly egregious" and that our failure to notice it would result in a "miscarriage of justice." *Dazey*,

403 F.3d at 1178 (quotations omitted); *Gonzalez-Huerta*, 403 F.3d at 736-37. We have recognized that in most cases involving "non-constitutional *Booker* error" the defendant will be unable to satisfy the fourth prong. *See Trujillo-Terrazas*, 405 F.3d 814, 820-21 (10th Cir. 2005) (recognizing the difficulty in establishing the fourth prong in cases involving "non-constitutional *Booker* error" but finding that defendant had satisfied the fourth prong). Like the majority of others, Peterson has not met this demanding standard.

Here, Peterson received a sentence below the national norm as established by the guidelines, in light of the downward departure recommended by the Government and granted by the district court. *See Gonzalez-Huerta*, 403 F.3d at 738-39 (considering in fourth prong analysis whether the defendant received a sentence within the national norm represented by a guideline sentence and whether the record supported a lower sentence). There is nothing in the record to indicate the court was unhappy with Peterson's sentence. It declined to impose an even lower sentence (the statutory minimum) even though it enjoyed the discretion to do so. We decline to speculate that the district court would impose a sentence lower than it has already imposed, if given the opportunity to do so. *See Trujillo-Terrazas*, 405 F.3d at 82 ("Even if a defendant can demonstrate that the district court felt particular sympathy for him, and might impose a lesser sentence on remand, failing to correct [non-constitutional *Booker* error] would not impugn

the fairness, integrity, and public reputation of judicial proceedings. Indeed, a remand might do quite the opposite because another defendant convicted of an identical crime under identical circumstances could receive a different sentence from a less sympathetic judge."). Based on the above, Peterson fails to satisfy the fourth prong of plain error review. Accordingly, we decline to exercise our discretion to correct the error.

## III. Conclusion

The judgment of the district court is **AFFIRMED**.


**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge