**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO VALDEZ-
PALACIOS, a/k/a Francisco Gama-
Palacious, a/k/a Francisco
Mendoza-Cruz, a/k/a Antonio
Bentancourt-Arellano,

Defendant-Appellant.

No. 04-4215

(D. Utah)

(D.C. No. 2:03-CR-913-DB)

---

**ORDER AND JUDGMENT***

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(F). The case is therefore submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

## I.  BACKGROUND

Francisco Valdez-Palacios pleaded guilty to one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a).  The presentence report calculated the offense level at twenty-two (a base offense level of eight, a sixteen-level increase for a prior felony conviction for a crime of violence, and a two-level reduction for acceptance of responsibility).  At sentencing, the government recommended an additional one-point reduction for acceptance of responsibility.  Based on an offense level of twenty-one and a criminal history of VI, the district court determined the Guidelines range to be seventy-seven to ninety-six months.  Mr. Valdez-Palacios informed the court that he did not dispute the guideline range and the criminal history category.

The district court sentenced Mr. Valdez-Palacios to eighty-seven months' incarceration.  It provided the following explanation of that sentence:

> I have chosen a sentence midway between the low end and the top end of the guidelines.  That takes almost a year off your sentence from what it could have been . . . .  I know that is not much shorter, but it is a year.
>
> I hope that you recognize that I'm doing it because I'm giving some credence to your story that your came back [to the United States] for your child's kidney problem.  And more importantly, I believe that you may be planning to turn your life around.  You're 37 years old and

> I agree with [the probation officer] that if we just look at the record it is dismal, a very bad criminal record. I am sure if you return to this country illegally in the future that the next sentencing judge will be less inclined that I am today to give you any break at all.

Rec. vol. III, at 8-9 (Tr. of Aug. 18, 2004 Sentencing Hr'g).

.

## II. DISCUSSION

The district court sentenced Mr. Valdez-Palacios on August 18, 2004, before the United States Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). In this appeal, Mr. Valdez-Palacios argues that, in light of Booker, the district court erred in applying the United States Sentencing Guidelines as mandatory. He characterizes this error as structural and contends that we should remand the case for resentencing under the discretionary post-Booker scheme.

Because Mr. Valdez-Palacios did not object in the district court proceedings to the mandatory application of the Guidelines, our review is for plain error. See United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights and which (4) seriously affects the fairness, integrity, or public reputation of the proceedings." Id. at 731-32 (quotation marks and citation omitted).

In conducting this analysis, we must first determine the particular kind of Booker error at issue. As we have explained, Booker indicates that sentencing courts can make two types of errors in applying the Guidelines. First, "a court could err by relying on judge-found facts, other than those or prior convictions, to enhance a defendant's sentence mandatorily." Id. Because this practice is barred by the Sixth Amendment, we have christened it "constitutional Booker error." Id. Second, "a sentencing court could err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." Id. at 731-32. This second type of error is now known as "non-constitutional Booker error." Id. at 732.

Here, other than the prior convictions, the district court relied solely on facts that Mr. Valdez-Palacios had admitted. Accordingly, Mr. Valdez-Palacios has alleged only non-constitutional Booker error—that he was improperly sentenced under the mandatory Guidelines scheme. Upon review of the record and the applicable law, we conclude that although the district court committed (1) non-constitutional Booker error that (2) was plain, Mr. Valdez-Palacios has failed to establish either that this error (3) affected his substantial rights or (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings.

As to the third prong, Mr. Valdez-Palacios has the burden of showing that his substantial rights have been affected. Id. at 732-33. To satisfy that burden, he must show a reasonable probability that "had the district court's applied the post-Booker sentencing framework, he would have received a lesser sentence." United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005). He may make that showing by pointing to the sentencing judge's expressions of unhappiness with the mandatory nature of the Guidelines. Gonzalez-Huerta, 403 F.3d at 734. Alternatively, he may attempt to argue, based on the facts of his case, that there is a reasonable probability that his sentence would have been different had the sentencing judge not viewed the Guidelines as mandatory. Id.

As to the fourth prong of the plain error inquiry, Mr. Valdez-Palacios must demonstrate that the non-constitutional error is "particularly egregious" and that "our failure to notice the error would result in a miscarriage of justice." Id. at 736 (internal quotation marks omitted). Conclusory statements as to the gravity of the error are insufficient to satisfy this "demanding" standard. Id. at 737-38.

Here, Mr. Valdez-Palacios does not even attempt to argue that he would receive a lesser sentence under the post-Booker discretionary scheme. Instead, he argues that the non-constitutional Booker error is structural and thus does not require a showing of prejudice. We have directly rejected that proposition. See Gonzalez-Huerta, 403 F.3d at 734 (holding that "non-constitutional Booker error

is not structural error").  In light of Mr. Valdez-Palacios's failure to argue that he was prejudiced by the mandatory application of the Guidelines, he has failed to satisfy the third and fourth parts of the plain error inquiry.

## III.  CONCLUSION

Accordingly, we AFFIRM Mr. Valdez-Palacios's sentence.

Entered for the Court,


Robert H. Henry
Circuit Judge