**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MIGUEL ASCENCIO-VENCES,

    Defendant-Appellant.

No. 06-2081

(D.C. No. CR-05-1851 MCA)

(D. N. M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Defendant Miguel Ascencio-Vences appeals the thirty-seven month sentence imposed by the district court after Ascencio-Vences pled guilty to one count of illegal reentry into the United States following deportation after conviction for an aggravated felony, in violation

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

On June 9, 2005, Ascencio-Vences was arrested by Border Patrol agents near Columbus, New Mexico. Ascencio-Vences admitted to the agents that he had illegally entered the United States. A review of Ascencio-Vences' criminal records indicated he had previously been convicted in California state court of possessing marijuana for sale and sentenced to sixteen months' imprisonment. A review of Ascencio-Vences' immigration records also indicated he had been twice deported.

The day after his arrest, June 10, 2005, Ascencio-Vences was charged by complaint with one count of illegal reentry into the United States following deportation after conviction for an aggravated felony, i.e., possessing marijuana for sale, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). A federal grand jury subsequently indicted Ascencio-Vences on the same general charge. On October 26, 2005, Ascencio-Vences pled guilty, pursuant to a written plea agreement, to the charge set forth in the indictment.

On or about December 8, 2005, the probation office submitted to the district court its presentence investigation report (PSR). The PSR assigned a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a), imposed a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) because of Ascencio-Vences' prior conviction for possessing marijuana for sale, and reduced the offense level by three levels pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. Based upon the resulting final offense level of twenty-one and

2

Ascencio-Vences' criminal history category of IV, the PSR recommended a guideline range of 57 to 71 months. Ascencio-Vences responded to the PSR by filing a sentencing memorandum arguing that the district court should, pursuant to 18 U.S.C. § 3553(a), impose a sentence below the recommended guideline range because: (1) the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) overrepresented the seriousness of his prior conviction; and (2) he was suffering from severe pain as a result of a prostate condition, but was not receiving adequate treatment for the condition while incarcerated.

At the sentencing hearing on March 21, 2006, the district court reviewed Ascencio-Vences' arguments and asked his counsel what sentence he would consider reasonable. Ascencio-Vences' counsel responded that "something in th[e] neighborhood" of "33 to 41 months" would be "appropriate given the arguments that [he] ha[d] made." ROA, Vol. III at 9. Although the government disputed that the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) overrepresented the seriousness of Ascencio-Vences' prior conviction, it agreed that a below-guideline sentence in the range requested by Ascencio-Vences' counsel was warranted "because of [Ascencio-Vences'] health situation." Id. at 10. The district court ultimately agreed with the government's assessment, reduced Ascencio-Vences' offense level by five levels as a result of his medical situation, and imposed a sentence of 37 months.

II.

Ascencio-Vences argues on appeal that the district court erred in imposing the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). As noted, Ascencio-Vences did

3

not object below to the imposition of the sixteen-level enhancement. Rather, he argued that the district court should impose a sentence below the guideline range because the sixteen-level enhancement overrepresented the seriousness of his prior conviction. Thus, we review his appellate argument only for plain error. To establish plain error, Ascencio-Vences "must demonstrate (1) that the district court committed error, (2) that the error was plain, and (3) that the plain error affected his substantial rights." United States v. Trujillo-Terrazas, 405 F.3d 814, 818 (10th Cir. 2005).

After reviewing the record on appeal, it is apparent that Ascencio-Vences cannot carry the burden of showing plain error. Section 2L1.2(b)(1)(A)(i) requires the imposition of a sixteen-level enhancement "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . ." Ascencio-Vences' 1987 California conviction readily falls within the scope of this language because it was a felony drug-trafficking crime for which Ascencio-Vences received a sentence of sixteen months. Thus, the district court did not err in imposing the sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A)(i).

To the extent that Ascencio-Vences also contends that the sentence imposed by the district court was unreasonable, we note that Ascencio-Vences' counsel specifically suggested to the district court that a sentence of between 33 and 41 months was reasonable. And, as noted, the district court adopted that suggestion and imposed a sentence of 37 months. Thus, the doctrine of invited error precludes Ascencio-Vences from seeking to undo precisely what his counsel suggested should be done. See United States v. Edward J., 224

4

F.3d 1216, 1222 (10th Cir. 2000) (discussing and applying doctrine of invited error in context of criminal proceeding).

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge