**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERARDO RUBEN SALGADO-
HERNANDEZ,

Defendant - Appellant.

No. 05-3434

(D. Kansas)

(D.C. No. 04-CR-20103-JWL)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-Appellant Gerardo Ruben Salgado-Hernandez, a native and citizen of Honduras, pled guilty to one count of illegal reentry by an alien who had been previously deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to forty-six months' imprisonment, followed by a three-year term of supervised release. Salgado-Hernandez appealed that sentence to this court, and we remanded for resentencing in accordance with the Supreme Court's recently-issued decision in United States v. Booker, 543 U.S. 220 (2005). On October 31, 2005, the district court held a resentencing hearing and imposed the same sentence of forty-six months' imprisonment, followed by three years of supervised release. Salgado-Hernandez appeals again, and we affirm.

**BACKGROUND**

Salgado-Hernandez initially illegally entered the United States in 1992. He pled guilty in Texas in early 2000 to aggravated sexual assault on a child. He was deported on May 31, 2001. On July 26, 2004, Bureau of Immigration and Customs Enforcement ("BICE") agents took Salgado-Hernandez into custody in Kansas City, Kansas, and determined he lacked authorization to reenter and remain in the United States after his prior deportation. He was accordingly indicted for illegal reentry following deportation for conviction of an aggravated

felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Salgado-Hernandez thereafter pled guilty.

In preparation for sentencing, the probation office prepared a presentence report ("PSR"). The PSR calculated a base offense level of eight, as required in the United States Sentencing Commission, Guidelines Manual ("USSG"), §2L1.2(a) (Nov. 2004), for a violation of 8 U.S.C. § 1326(a) and (b)(2). It then increased that level by sixteen, pursuant to USSG §2L1.2(b)(1)(A)(ii), because Salgado-Hernandez's prior felony conviction for aggravated sexual assault on a child was a conviction for a crime of violence. After a three-level reduction for acceptance of responsibility, Salgado-Hernandez's total adjusted offense level was twenty-one. With a criminal history category of III, the PSR recommended a Guideline sentencing range of forty-six to fifty-seven months' imprisonment.

At his initial sentencing hearing, Salgado-Hernandez objected to the Guideline range calculated in the PSR, particularly the sixteen-level enhancement based upon the characterization of his aggravated sexual assault on a child as a crime of violence. The district court nonetheless sentenced Salgado-Hernandez to the low end of that Guideline range.

On resentencing following our remand, Salgado-Hernandez argued that the application of the sixteen-level enhancement was *per se* unreasonable. He also

argued that his sentence was unreasonable compared to the lesser sentences available to other illegal aliens sentenced in districts with "fast-track" programs.

The court on resentencing acknowledged that there had been no addenda to the initial PSR, which the court then incorporated into the record. The court then addressed the arguments raised by Salgado-Hernandez and rejected his argument that the disparities caused by the existence of "fast-track" districts warranted a lower sentence in this case. Regarding the reasonableness of the forty-six month sentence originally imposed, the court stated:

> I do believe the original sentence I gave in this case of 46 months is a reasonable sentence. I think it's so for these reasons, not simply because the guideline application would suggest that it's a reasonable sentence, but rather because of the aspects of the sentencing statute when analyzed in connection with the facts of this case.

Tr. of Resentencing at 19, R. Vol. IV. The court then carefully and thoroughly examined each of the sentencing factors contained in 18 U.S.C. § 3553(a). While noting that the crime of illegal reentry "is in and of itself not as serious as some other crimes that [the court] find[s] people in front of [it] for," nonetheless the court found Salgado-Hernandez's conduct more serious because he reentered the United States shortly after being deported.[1] Id. at 20. The court also stated that,

---

[1]According to the PSR, to which Salgado-Hernandez does not object, Salgado-Hernandez initially entered the United States illegally in December 1992. He was deported on May 31, 2001. He was apprehended by the Border patrol on March 27, 2002, and was granted voluntary departure. "On July 30, 2004,

(continued...)

given Salgado-Hernandez's repeated illegal reentries, a more severe sentence was more likely to serve the sentencing goal of promoting respect for the law. The court further noted the "very, very, very serious crime" which Salgado-Hernandez committed while in the United States, and concluded that a severe sentence was warranted to provide adequate deterrence and to protect the public. Id. at 21-22. The court accordingly concluded that a forty-six month sentence was appropriate and reasonable, stating:

> So while I said before that I thought 46 months was a rather severe sentence and therefore it need not be any higher, nor did I mean it should be any lower because I think a severe sentence in the case of this defendant under all of the facts and circumstances is reasonable when one applies the sentencing factors that are set out in 3553(a)(2).
>
> So considering the totality of the circumstances, including what the guidelines recommend, but tying my analysis particularly to the sentencing factors, I find 46 months to be a reasonable sentence.

Id. at 23.

Salgado-Hernandez appeals his sentence, arguing that the sixteen-level enhancement in his advisory Guideline sentence for his prior felony conviction is "inherently unreasonable so that his sentence, derived from an advisory Guideline range applying that enhancement, is likewise unreasonable." Appellant's Br. at 6.

---

[1](...continued)
[Salgado-Hernandez] claimed in his sworn statement that he had entered the United States illegally [in June 2002,] three months . . . after his return to Mexico." PSR ¶ 15, R. Vol. V.

**DISCUSSION**

Following the United States Supreme Court's decision in <u>Booker</u>, the Guidelines are advisory rather than mandatory. However, "the now-advisory Guidelines are . . . a factor to be considered in imposing a sentence, which means that district courts 'must consult those Guidelines and take them into account when sentencing.'" <u>United States v. Kristl</u>, 437 F.3d 1050, 1053 (10th Cir. 2006) (per curiam) (quoting <u>Booker</u>, 543 U.S. at 264). Accordingly, we continue to review the sentencing court's factual findings under the Guidelines for clear error and its legal determinations de novo. <u>United States v. Serrata</u>, 425 F.3d 886, 906 (10th Cir. 2005). We review for reasonableness the ultimate sentence imposed, <u>Booker</u>, 543 U.S. at 261-62 (Breyer, J.), "guided by the factors set forth in 18 U.S.C. § 3553(a)." <u>Kristl</u>, 437 F.3d at 1053. In conducting such a review, we bear in mind that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." <u>Id.</u> at 1054. If the court sentenced the defendant within the properly calculated Guideline range, the defendant may rebut that presumptively reasonable sentence "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." <u>Id.</u> at 1055. Our review is necessarily "deferential." <u>Id.</u> at 1054.

Salgado-Hernandez argues that the sixteen-level enhancement contained in USSG §2L1.2 for a prior felony conviction which already is used to calculate a

defendant's criminal history is "unreasonably excessive and overinclusive."

Appellant's Br. at 9. This amounts to a simple facial challenge to the validity of

the sixteen-level enhancement of §2L1.2(b)(1)(A). We have upheld and applied

this enhancement on numerous occasions. We decline to declare it categorically

invalid or unreasonable in this case.

Moreover, we find the particular sentence imposed on Salgado-Hernandez a

reasonable one under Booker. Salgado-Hernandez cites United States v. Trujillo-

Terrazas, 405 F.3d 814 (10th Cir. 2005), in support of his argument that the

sixteen-level enhancement under §2L1.2(b)(1)(A) is unreasonable as applied to

him. Trujillo-Terrazas does not help Salgado-Hernandez. In Trujillo-Terrazas,

we remanded for resentencing where the district court, acting pre-Booker and

therefore applying the Guidelines in a mandatory way, reluctantly imposed a

sixteen-level enhancement under §2L1.2(b)(1)(A) to an illegal reentrant whose

prior felony conviction was "comparatively innocuous."[2] Id. at 817. We found

that the "relatively trivial nature of [the defendant]'s criminal history is at odds

with the substantial 16-level enhancement recommended by the Guidelines for

this conduct." Id. at 819. There is nothing trivial or innocuous about Salgado-

_____

[2]In Trujillo-Terrazas, the prior felony conviction was for third degree arson, based upon the defendant's being "upset that an ex-girlfriend had begun seeing someone new, and he acted on his frustration by throwing a lighted match into a 1980 Oldsmobile belonging to his ex-girlfriend's new love interest[,] . . . [causing] fire damage [costing] the paltry sum of $35.00." 405 F.3d at 817.

Hernandez's prior conviction for aggravated sexual assault on a child. Further, the district court's statements on resentencing make it very clear that the court carefully considered Salgado-Hernandez's criminal history as well as all the facts and circumstances concerning him and his crime to fashion an appropriate sentence, knowing full well that the Guideline sentence was only advisory. The court fully explained why the sentence it imposed was reasonable. Salgado-Hernandez has not rebutted that presumptively reasonable sentence by pointing to other sentencing factors in 18 U.S.C. § 3553(a). We therefore conclude that the forty-six month sentence is reasonable.[3]

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed on Salgado-Hernandez.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Salgado-Hernandez makes no argument on appeal about the existence of sentencing disparities caused by "fast-track" programs in certain districts.