**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 11, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAUL VACA-PEREZ,

    Defendant-Appellant.

No. 05-2203
(D.C. No. CR-05-391-JC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **SEYMOUR** and **BRISCOE,** Circuit Judges.

Raul Vaca-Perez appeals the district court's imposition of a sentence of 30 months for illegally reentering the United States after his deportation following a conviction for an aggravated felony. We vacate his sentence and remand.

On December 29, 2004, Mr. Vaca-Perez, a citizen of Mexico, was arrested by a United States Border Patrol agent near Columbus, New Mexico. Upon his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

arrest, Mr. Vaca-Perez admitted he was present illegally in the United States following two previous deportations in February and July of 2004. Mr. Vaca-Perez's February 2004 deportation was the result of convictions for attempted second degree burglary and attempted escape from a work release program.

Mr. Vaca-Perez pled guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(b)(2). In the presentence report (PSR), the probation officer started with a base offense level of eight for illegal reentry and recommended an eight-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(C) based on Mr. Vaca-Perez's prior conviction for an aggravated felony, namely, attempted escape from a work release program. The PSR further recommended a three-level downward adjustment for acceptance of responsibility. The resulting offense level was 13, which when combined with a criminal history category of V, resulted in a guidelines sentencing range of 30 to 37 months. Rec. vol. II.

In response to the PSR, Mr. Vaca-Perez filed a sentencing memorandum arguing that "a Guideline sentence of 30 to 37 months is more severe than necessary to achieve the sentencing objectives established by the United States Congress" in 18 U.S.C. § 3353(a). Rec., vol. I, tab 16 at 2. He requested a sentence of 24 months, arguing that it would satisfy these objectives. In support of this contention, Mr. Vaca-Perez pointed to his cultural assimilation, the likelihood of adverse penal consequences attending his status as a deportable

alien, his extraordinary acceptance of responsibility, and that he reentered the United States solely to assist his children who, he believed, had been abandoned by their mother. *Id.* at 5-8. He further asserted in his objection to the PSR that the criminal history points he received for what constituted the aggravated offense, walking away from a work-release program, over-represented the seriousness of his conduct. Rec., vol. II, PSR add. at 1.

At the sentencing hearing, the district court denied Mr. Vaca-Perez's request for a lesser sentence, stating only that it had

> reviewed the presentence report factual findings and . . . the sentencing guideline applications. The offense level is 13, and the criminal history category is V. The guideline imprisonment range is 30 to 37 months. The Court notes the defendant reentered the United States illegally subsequent to a prior conviction for [an] aggravated felony, that being attempted escape.

*Id.* The court sentenced Mr. Vaca-Perez to 30 months incarceration. *Id.*

On appeal, Mr. Vaca-Perez contends that (1) contrary to the Supreme Court's decision in *Booker*, the district court applied the guidelines in a mandatory fashion; (2) the court erred by failing to state its reasons for imposing a sentence of 30 months; and (3) his 30-month sentence is unreasonable. Because the district court failed to state its reasons for rejecting Mr. Vaca-Perez's nonfrivolous arguments for a below-guidelines sentence, we remand on that ground and do not reach Mr. Vaca-Perez's third claim.

We first consider Mr. Vaca-Perez's claim that the district court applied the

guidelines to his case in a mandatory fashion in violation of *Booker*.

> In *United States v. Booker*, the Supreme Court held that the mandatory application of the Guidelines to judge-found facts (other than a prior conviction) violates the Sixth Amendment. Rather than declare the Guidelines unconstitutional, however, the Court excised the provision of the federal sentencing statute that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), effectively making the Guidelines advisory.

*United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (internal citation omitted). Thus, it is error post-*Booker* for a district court to apply the guidelines in a mandatory fashion. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005). In support of his claim that the district court treated the guidelines as mandatory, Mr. Vaca-Perez points to the absence in the record of any statement by the court that it viewed the guidelines as advisory. The Supreme Court's decision in *Booker* was issued on January 12, 2005. Mr. Vaca-Perez's sentencing took place more than five months later on June 22. We find it highly implausible that by June a district court could have been unaware of the holding in *Booker* regarding the advisory nature of the guidelines. This is especially true where both Mr. Vaca-Perez and the government referenced *Booker* in their memoranda to the court. Under these circumstances, we decline to find that the court treated the guidelines as mandatory absent a clear indication in the record to the contrary.

We now turn to Mr. Vaca-Perez's claim that the district court committed

-4-

reversible error by failing to explain its reasons for imposing a sentence of 30 months as required by § 3553(c) or, in the alternative, that remand is required because we are unable to assess the reasonableness of the sentence as required by *Booker* because the district court failed to state its reasons for imposing the sentence.

In *United States v. Sanchez-Juarez*, No. 05-2295, 2006 WL 1165967, at *4, __ F.3d __, __ (10th Cir. May 3, 2006), we recently reiterated that a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when imposing any sentence, even a guideline sentence. As described above, Mr. Vaca-Perez argued in his sentencing memorandum that a number of factors warranted a sentence below the guidelines range. As we recognized in *Sanchez-Juarez*, the district court's "decision to impose a sentence at the low end of the Guidelines range may fairly be read as a functional rejection of [defendant's] arguments and a denial of his request for a below-Guidelines sentence." *Id.* at *5. Here, as there, the district court offered no reasons for the sentence it imposed other than its reference to the PSR's factual findings and the guidelines, and its citation to Mr. Vaca-Perez's offense conduct. The court did not refer to the § 3553(a) factors.

We determined in *Sanchez-Juarez* that the record created by the district court was insufficient to permit us proper review. *Id.* at *5-6. Under facts nearly

identical to those here, we held that a district court, when presented with a defendant's nonfrivolous argument that the § 3553(a) factors warrant a below-guidelines sentence must state reasons for denying the requested sentence. *Id.* at *6. This is true even where the sentence imposed is at the bottom of the guideline sentence range recommended by the PSR. *Id.* at *2. We require the district court to state its reasons because our post-*Booker* review of sentences is for reasonableness, *United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006), and this determination is guided by the § 3553(a) factors, *Kristl*, 437 F.3d at 1053-54. For proper review, therefore, the record must demonstrate that the district court considered those factors. Explaining why, in light of the factors, the court rejected a defendant's arguments for a below-guidelines sentence is one way of accomplishing this.

Mr. Vaca-Perez presented at least one nonfrivolous argument for a below guidelines sentence. In objecting to the PSR's findings, he claimed that his "foolish decision to walk away from a work release program" and the circumstances of his attempted second degree burglary conviction support a sentence below the guidelines. Rec. vol. II, PSR add. at 1. In challenging the reasonableness of his sentence, Mr. Vaca-Perez further argued that, given the non-violent nature of his offenses, a strict application of the guidelines to his case over-represents his criminal history and likelihood to reoffend. In *Sanchez-*

*Juarez*, we held that a similar argument "concerning the incongruity between the actual conduct involved in [the defendant's] prior alien smuggling conviction and the 16-level increase suggested by the Guidelines is not clearly meritless." 2006 WL 1165967, at *7. *See also United States v. Trujillo-Terrazas*, 405 F.3d 814, 819-20 (10th Cir. 2005). Mr. Vaca-Perez's argument that his prior convictions were not sufficiently serious to justify a 30-month sentence is not wholly frivolous.

Accordingly, we **VACATE** Mr. Vaca-Perez's sentence and **REMAND** to the district court for resentencing in accordance with *Sanchez-Juarez* and this opinion.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge