**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 26, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RAUL VACA-PEREZ,

     Defendant-Appellant.

No. 06-2269
(D.C. No. CR-05-391-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges

     Raul Vaca-Perez contends that the district court erred when it failed to articulate its reasons for rejecting his arguments, based on the factors set forth in 18 U.S.C. § 3553(a), that a sentence below the range recommended by the United States Sentencing Guidelines ("USSG" or the "Guidelines") was warranted in his case. Mr. Vaca-Perez also argues that his sentence was substantively

---

     [*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered and submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unreasonable. We are constrained to disagree with Mr. Vaca-Perez and affirm the district court's judgment.

I

On December 29, 2004, Mr. Vaca-Perez, a citizen of Mexico, was arrested in New Mexico for illegally reentering the United States after his deportation on July 19, 2004. Presentence Report ("PSR") at 1, ¶¶ 3-5. Prior to his deportation, Mr. Vaca-Perez had been convicted of burglary and attempted escape in Colorado. *Id.* at ¶¶ 10, 21. Mr. Vaca-Perez accepted responsibility and pled guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. § 1326.

The PSR, prepared in accordance with USSG § 2L1.2, suggested a base offense level of eight. PSR at ¶ 9.[1] The PSR further recommended that Mr. Vaca-Perez receive an eight-level upward adjustment pursuant to USSG § 2L1.2(b)(1)(C) because he had a prior aggravated felony conviction (attempted escape). *Id.* at ¶ 10. The PSR, however, also suggested a three-level downward adjustment, pursuant to USSG § 3E1.1, for acceptance of responsibility. *Id.* at ¶ 15. As a result, the PSR calculated Mr. Vaca-Perez's adjusted offense level as 13 and his criminal history category as V. *Id.* at Part D. The resulting

---

[1] The PSR mistakenly refers to USSG § 2D1.2(a), which relates to drug offenses, instead of USSG § 2L1.2(a).

-2-

recommended Guidelines sentencing range was 30 to 37 months, and the PSR identified no departure factors. *Id.*; *id* at ¶ 46.

Mr. Vaca-Perez filed a sentencing memorandum asking for a downward departure from the advisory sentencing range under Section 3553(a) because, according to Mr. Vaca-Perez, his prior criminal conduct was not violent; he had demonstrated an "extraordinary acceptance of responsibility"; and he reentered the United States to care for his children. Appellant's Br. at 7. Mr. Vaca-Perez argued that these mitigating factors augured in favor of a sentence of no more than 24 months. *Id.*

The district court rejected Mr. Vaca-Perez's arguments, ordering a sentence of 30 months and an additional year of supervised release; Mr. Vaca-Perez appealed. On May 11, 2006, we remanded the case to the district court for resentencing because we found that "the district court offered no reasons for the sentence it imposed other than its reference to the PSR's factual findings and the guidelines, and its citation to Mr. Vaca-Perez's offense conduct. The [district] court did not refer to the § 3553(a) factors." *United States v. Vaca-Perez*, 178 Fed. Appx. 841, 843 (10th Cir. May 11, 2006) (unpub.). The district court was directed, consistent with *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006), to provide a better record of the sentence imposed. *Vaca-Perez*, 178 Fed. Appx. at 844.

On August 30, 2006, the district court conducted another sentencing hearing in which Mr. Vaca-Perez raised the same arguments he had at his original sentencing hearing. The district court again rejected Mr. Vaca-Perez's arguments and imposed a 30-month sentence. This time, however, the district court explained the reasoning behind its result in greater depth:

> This matter coming before the Court for re-sentencing pursuant to the mandate of the Tenth Circuit of Appeals and the Court having given due consideration to the Appellate Court's instructions, hereby vacates and sets aside the sentence heretofore imposed in the information, Criminal 05-391, on June 22, 2005, and will re-sentence the defendant based on the Appellate Court's remand.
>
> The Court has reviewed the presentence report [sic] factual findings and has considered the sentencing guideline applications and the factors set forth in 18 United States Code Section 3553(a)(1) though (7). I understand that defendant's criminal history category points result in part from a non-violent offense of walking away from a work release program and in part from his attempted burglary conviction. . . .
>
> The Court notes the defendant reentered the United States illegally subsequent to a prior aggravated felony, that being attempted escape. It is in part because of the non-violent nature of this prior aggravated felony that I determine a sentence at the low end of the guideline to be appropriate, considering the 3553(a) factors.

Transcript of Resentencing Hearing Held on August 30, 2006 ("Resentencing Tr."), at 7-8. Mr. Vaca-Perez now appeals his resentencing.

-4-

II

Mr. Vaca-Perez presently contends that: (a) his sentence was procedurally unreasonable because the district court (still) failed to explain sufficiently its imposition of the 30-month sentence and its rejection of his request for a downward departure, and (b) his sentence was substantively unreasonable.[2]

a. Mr. Vaca-Perez contends that, pursuant to our decision in *Sanchez-Juarez*, his sentence was procedurally unreasonable because the district court failed to explain adequately the basis for his sentence and why it rejected his arguments for a lower sentence in light of Section 3553(a) factors. This argument, however, is foreclosed by our recent decision in *United States v. Ruiz-Terrazas*, ___ F.3d ___, 2007 WL 576034 (10th Cir. 2007). In *Ruiz-Terrazas*, we explained that *Sanchez-Juarez* is implicated only when: "(i) there was 'no indication' by the district court that it had considered the Section 3553(a) factors, and (ii) we [are] otherwise unable ourselves to discern a 'clear explanation of the sentence' in the record." *Ruiz-Terrazas*, 2007 WL 576034, at \*5 (citing *Sanchez-Juarez*, 446 F.3d at 1116); *see also United States v. Jarrillo-Luna*, ___ F.3d ___,

---

[2] Mr. Vaca-Perez also generally contends the district court impermissibly considered the Guidelines sentence range to be mandatory because the district court failed to consider his proffered grounds for mitigation, provided no reason for rejecting his request for a downward departure, and imposed an otherwise unreasonable sentence. Because this argument overlaps and adds nothing of substance to Mr. Vaca-Perez's other two contentions, we do not consider it separately.

2007 WL 646145, at *3 (10th Cir. 2007) ("Lest any doubt remain about the meaning of *Sanchez-Juarez*, we hold that a district court's duty to explain why it chose the given sentence does not also require it to explain why it decided against a different sentence.").

Here, just as in *Ruiz-Terrazas*,

> [t]he record before us reveals that the district court entertained Mr. [Vaca-Perez]'s Section 3553(a) arguments at length; indicated on the record that it had considered the Section 3553(a) factors; and proceeded to explain its reliance on the range suggested by the sentencing Guidelines. In our view, no more is required by statute or our precedents.

2007 WL 576034, at *5. Accordingly, we find no procedural violation by the district court in imposing the 30-month sentence at resentencing. Indeed, if anything, the district court went beyond what *Ruiz-Terrazas* requires by explaining on the record how Mr. Vaca-Perez's arguments for mitigation specifically factored into the sentence imposed – that is, as influencing the district court's decision to select a sentence at the bottom of the Guidelines range.

b. When it comes to analyzing the substantive reasonableness of a sentence, we have explained that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). A defendant can, of course, seek to overcome that presumption by demonstrating that his or her sentence is unreasonable in light of the factors set forth in Section 3553(a). *Id.* at

1055. Mr. Vaca-Perez aims to do just this, arguing that his sentence is substantively unreasonable based on "the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to avoid unwarranted sentencing disparities." Appellant's Br. at 20. In particular, Mr. Vaca-Perez contends illegal reentry after a prior felony is less severe than maintaining a facility for the manufacture of illegal drugs, for which the district court sentenced a defendant to 24 months the same day he resentenced Mr. Vaca-Perez.

When Mr. Vaca-Perez raised this same argument at the resentencing hearing, the district court, in addition to noting the difference in respective criminal histories of the two defendants, replied on the record that "I certainly sympathize with your client. A lot of these matters should be taken care of by [sic] United States Congress, if they ever get around to it, not by a federal judge." Resentencing Tr. at 6. We are constrained to agree. In enacting the statute Mr. Vaca-Perez violated, 8 U.S.C. § 1326, Congress authorized a sentence of up to 20 years in prison. That is the law of the land. Whether or not we would make the same policy judgment about the severity of Mr. Vaca-Perez's crime when compared to other violations of law is beside the point. The people's elected representatives have authorized a substantial penalty for illegally reentering this country after previously committing a felony here. Absent some appeal suggesting that, in so doing, the elected branches violated the Constitution or laws

of the United States, we are sworn to enforce the statute as written. Should Mr. Vaca-Perez wish to pursue his policy argument, it is one best directed not to the judiciary but to the policymakers in Congress and the Executive branch.

Mr. Vaca-Perez separately maintains that the particular circumstances of his case warrant a below-Guidelines range sentence, an issue that, by contrast, Congress has specifically empowered us to review in Section 3553(a). In particular, Mr. Vaca-Perez again highlights as mitigating factors his non-violent history, his cultural assimilation (albeit due to his many years of residing illegally in this country), and the fact that he only reentered illegally because of his children. The district court, however, considered each of these factors in imposing his sentence and, indeed, explained that they were the reasons why it chose to impose a sentence at the *bottom* of the Guidelines range. Under *Kristl* we cannot say that the district court behaved unreasonably.

Yet, even if the *Kristl* presumption of reasonableness were removed and we were free to consider his Section 3553(a) arguments anew, we would still feel obliged to find the sentence imposed on Mr. Vaca-Perez to be substantively reasonable given his prior criminal history. For example, the PSR reveals that Mr. Vaca-Perez illegally reentered the United States approximately half a year after he had been deported; the probation for his aggravated burglary conviction was revoked twice; he has an additional conviction for attempted escape from custody, and was on parole for that offense when he illegally reentered this

country; and he has a history of alcohol abuse and alcohol-related offenses. To our minds, these factors all suggest that a sentence within the Guidelines range was fully appropriate notwithstanding Mr. Vaca-Perez's mitigation arguments.

\*     \*     \*

The district court's sentence is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge