**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO SANCHEZ-JUAREZ,

Defendant - Appellant.

No. 06-2261

(D. New Mexico)

(D.C. No. CR-05-1034-JC)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Lorenzo Sanchez-Juarez pleaded guilty to illegal reentry by an alien previously deported after an aggravated felony conviction, in violation of 8 U.S.C.§ 1326, and aggravated identify theft, in violation of 18 U.S.C. § 1028A.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court sentenced him to a term of forty-one months' imprisonment on the illegal reentry conviction, to be followed by a mandatory consecutive term of twenty-four months' imprisonment on the identify theft conviction. On direct appeal, this court vacated Sanchez-Juarez's sentence and remanded the case to the district court for resentencing. *United States v. Sanchez-Juarez*, 446 F.3d 1109 (10th Cir. 2006). This court ruled, in relevant part, that it was unclear from the record whether the district court had considered Sanchez-Juarez's sentencing arguments in light of the 18 U.S.C. § 3553(a) factors or had, instead, simply applied the Guidelines in a mechanical fashion. *Id.* at 1115-16. On remand, the district court noted it had reviewed the presentence report; considered the § 3553(a) factors, including the advisory sentencing Guidelines; and weighed the arguments advanced by Sanchez-Juarez for a sentence below the range set out in the advisory Guidelines. Upon such review, the district court reimposed a term of forty-one months' imprisonment on the illegal reentry conviction, to be followed by a mandatory consecutive term of twenty-four months' imprisonment on the identify theft conviction. Sanchez-Juarez appeals, asserting his sentence is both procedurally and substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court **affirms**.

The factual and procedural background of this case is set out at length in this court's previous opinion on direct appeal, *see Sanchez-Juarez*, 446 F.3d at 1110-12, 1114-18, and will not be repeated here. Upon remand from this court

for resentencing, Sanchez-Juarez raised the same arguments for a below-guidelines sentence as he had raised at the first sentencing hearing. After entertaining Sanchez-Juarez's request for a sentencing variance, the district court rejected the request and stated as follows:

> This matter coming before the Court for a resentencing pursuant to the mandate of the Tenth Circuit Court of Appeals and the Court having given due consideration to the Appellate Court's instructions, hereby vacates and sets aside the sentence heretofore imposed in the Information, Criminal 05-1034, on September 7, 2005, and will resentence the defendant based on the Appellate Court's remand.
>
> The Court has reviewed the presentence report factual findings and has considered the guideline applications and the factors set forth in 18 United States Code 3553(a)(1) through (7).
>
> I have considered Mr. Sanchez-Juarez's arguments in full, including the nonviolent nature of his prior felony, which is already taken into account by the presumptively reasonable guidelines; his family situation, which I find not unusual; and the restrictions that are placed on deportable aliens in prison.
>
> I find that the sentence I will impose adequately reflects the nature and circumstances of the offense and is necessary to deter future criminal conduct, provide just punishment for the offense, and promote respect for the law.
>
> . . . .
>
> The Court notes the defendant reentered the United States subsequent to an aggravated felony conviction. It is also noted that the defendant knowingly possessed, without lawful authority, five Social Security cards in the name of five other persons.
>
> As to Count I of the Information, Criminal 05-1034, the defendant, Lorenzo Sanchez-Juarez, is committed to the custody of the Bureau of Prisons for a term of 41 months. As to Count II, the defendant is committed to the custody of the Bureau of Prisons for a term of 24 months.
>
> Said terms shall run consecutively, for a total term of 65 months.

[Id.]

Sanchez-Juarez argues on appeal that his sentence is both procedurally and substantively unreasonable. "Under *Booker*, we are required to review district court sentencing decisions for 'reasonableness.'" *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). This court applies a two-step approach to review the procedural and substantive components of sentences. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). First, if raised on appeal, this court determines whether the district court properly calculated the defendant's guidelines sentence and considered the factors set forth in § 3553(a). *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229-30 (10th Cir. 2006). If the district court did not commit any procedural errors in arriving at a sentence, this court reviews whether the sentence imposed is reasonable in light of the factors set forth in § 3553(a). *Kristl*, 437 F.3d at 1054-55.

In this case, Sanchez-Juarez does not challenge the district court's application of the Guidelines. Instead, he argues his sentence is procedurally unreasonable because the district court failed to adequately state on the record, with specific reference to the § 3553(a) factors, its reasons for rejecting his request for a sentence below the advisory Guidelines range. Sanchez-Juarez's procedural reasonableness claim is resolved by this court's recent decision in *United States v. Ruiz-Terrazas*, 477 F.3d 1196 (10th Cir. 2007). *Ruiz-Terrazas* held that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines." *Id.* at 1202. In

-4-

so doing, the *Ruiz-Terrazas* court specifically rejected the broad reading of *Sanchez-Juarez* defendant now advocates on appeal. *See id.* As was the case in *Ruiz-Terrazas*, the district court in this case entertained extensive arguments relating to the § 3553(a) factors, specifically noted it had considered Sanchez-Juarez's arguments for a below-guidelines sentence, indicated on the record it had considered the § 3553(a) factors, and ultimately imposed a sentence within the properly calculated Guidelines range. *See id.* 1202-03. Thus, the process employed by the district court in imposing Sanchez-Juarez's sentence was reasonable. *See id.*

For many of the same reasons he advanced before the district court in requesting a sentence below the range set out in the advisory Guidelines, Sanchez-Juarez asserts the sentence ultimately imposed by the district court is substantively unreasonable. Because the district court imposed a sentence within the properly calculated advisory guidelines range, the district court's sentence is "entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054.[1] Sanchez-Juarez has failed to rebut that presumption.

Two arguments advanced by Sanchez-Juarez to overcome the presumption of reasonable are facially meritless. Sanchez-Juarez's "fast-track disparity"

_____

[1]The Supreme Court recently rejected Sanchez-Juarez's argument that affording a presumption of reasonableness to a within-guidelines sentence is inconsistent with *Booker*. *Rita v. United States*, No. 06-5754, 2007 WL 1772146 (June 21, 2007).

argument is foreclosed by this court's recent decision in *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268-69 (10th Cir. 2006) (holding disparities created by fast-track program are not unwarranted under § 3553(a)(6) because they are authorized by Congress).[2]  Sanchez-Juarez's argument that the district court should have granted a downward variance to his illegal reentry conviction to ameliorate the asserted harshness of his mandatory, consecutive twenty-four month term for aggravated identity theft is flatly contrary to the aggravated identity theft statute.  18 U.S.C. § 1028A(b)(3) ("[I]n determining any term of imprisonment to be imposed for the felony during which the means of identification was . . . possessed . . . , a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section.").

Nor do Sanchez-Juarez's remaining arguments overcome the presumption of reasonableness that attaches to his bottom-of-the-guidelines sentence.  *Kristl*, 437 F.3d at 1054.  Sanchez-Juarez's main contention is that the sixteen-level

---

[2]In any event, Sanchez-Juarez was prosecuted in the United States District court for the District of New Mexico, a jurisdiction that has a fast-track program in place.  At its base, Sanchez-Juarez's argument seems to be that a district court can step in and overrule a prosecutor's discretionary decision not to offer a fast-track bargain to a particular defendant, even when the record contains absolutely no indication that the decision not to offer a fast-track plea was based on an impermissible purpose.  Sanchez-Juarez's argument, which is not supported by a single citation to authority supporting such a proposition, is unconvincing.

increase to his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), for his previous alien smuggling offense overstates the seriousness of his criminal history. In support of this assertion, Sanchez-Juarez relies on this court's decision in *United States v. Trujillo-Terrazas*, 405 F.3d 814 (10th Cir. 2005). As is the case here, *Trujillo-Terrazas* involved a sixteen-level increase to the defendant's base offense level. *Id.* at 817. In *Trujillo-Terrazas*, however, the increase was based on a prior arson conviction, a "crime of violence" subject to a sixteen-level increase pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Id.* The arson conviction involved flicking a lighted match into a car, resulting in $35.00 in damages. *Id.* *Trujillo-Terrazas* concluded the sixteen-level increase to the base offense level set out in the Guidelines for this "quite minor offense," created a disconnect between the guidelines sentence and the § 3553(a) factors.

We perceive no such disconnect in this case. Unlike the "quite minor" or "relatively trivial" offense at issue in *Trujillo-Terrazas*, 405 F.3d at 819-20, Sanchez-Juarez's prior felony was an alien smuggling offense. That Sanchez-Juarez received a sentence of only 194 days' imprisonment for that offense does not in any way diminish its seriousness. Furthermore, unlike the amorphous "crime of violence" enhancement at issue in *Trujillo-Terrazas*, the sixteen-point increase at issue in this case is narrowly targeted to certain prior violations of 8 U.S.C. § 1324(a). *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(ii) *and id.* cmt. n.1.(B)(iii), *with* U.S.S.G. § 2L1.2(b)(1)(A)(vii), *id.* cmt. n.1.(B)(i) *and* 8 U.S.C.

§ 1101(a)(43)(N). This means it is unlikely the disconnect that occurred in *Trujillo-Terrazas* will happen in the context of a sixteen-point increase for a prior alien smuggling conviction. Finally, nothing about the facts of Sanchez-Juarez's prior smuggling offense set out in the PSR indicate it was less serious than alien smuggling offenses generally or was a particularly non-serious felony.

Having reviewed and considered Sanchez-Juarez's other arguments,[3] this court concludes they are insufficient, even when all such arguments are considered in the aggregate, to rebut the *Kristl* presumption of reasonableness. The district court adopted the uncontested factual findings in the PSR and fully considered the arguments Sanchez-Juarez presented in support of his request for a below-guidelines sentence. At the conclusion of the sentencing hearing, the district court imposed a sentence at the bottom of the correctly calculated advisory guidelines range. The district court's sentence is undoubtedly

---

[3]Sanchez-Juarez also argues his incarceration will work a significant economic hardship on his family in Mexico and a below-guidelines sentence is warranted by his non-eligibility for certain prison programs because of his status as a deportable alien. As to the first, we note the district court, the court in the best position to know such things, specifically determined there was nothing special or unusual about Sanchez-Juarez's family situation. As to the second, the United States convincingly argues Sanchez-Juarez's non-eligibility for certain prison programs does not alter the basic nature of his sentence, it merely excludes him from programs designed to reintegrate prisoners into American society. This is entirely consistent with his deportable status.

reasonable. The judgment of the United States District Court for the District of

New Mexico is hereby **AFFIRMED**.[4]


                                    ENTERED FOR THE COURT


                                    Michael R. Murphy
                                    Circuit Judge

---

[4]Sanchez-Juarez also asserts *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is no longer good law and the district court violated the Sixth Amendment when it increased his offense level on the basis of his prior alien smuggling offense. He recognizes, however, this argument is foreclosed by our decision in *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), and simply wishes to preserve the issue for en banc review or a future certiorari petition.