**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VICENTE BARRAZA-SANCHEZ,

    Defendant-Appellant.

No. 07-2097

(D. of N.M.)

(D.C. No. CR-06-2614 JP)

## ORDER AND JUDGMENT[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Vicente Barraza-Sanchez pleaded guilty to illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). Based on an offense level of 21 and a criminal history of V, Barraza-Sanchez fell within a sentence range of 70–87 months pursuant to the United States Sentencing Guidelines (USSG). Barraza-Sanchez

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

requested a downward variance to a term of 30 months, arguing that the application of USSG §2L1.2(b)(1)(A)(I) (unlawfully reentering the United States) increased his offense level and resulted in an unreasonably long sentence range. The district court granted the request for a lesser sentence, but sentenced Barraza-Sanchez to a term of 60 months. Barraza-Sanchez timely appealed the reasonableness of his sentence. We AFFIRM.

## I. Background

A grand jury indicted Barraza-Sanchez for illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He pleaded guilty. A Presentence Report (PSR) related the following: On November 30, 2004, a New Mexico state court convicted Barraza-Sanchez of distribution of marijuana and sentenced him to 30 months. On February 7, 2006, after serving his sentence, Barraza-Sanchez was deported to Mexico. Nearly four months later, on June 29, 2006, after illegal reentry, he was again arrested in the United States.

The PSR calculated a base offense level of eight and a 16-level enhancement for prior deportation subsequent to a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21.

Based on adult convictions for reentry of a deported alien, distribution of marijuana, and battery of a household member, the PSR calculated a criminal history score of eight. The PSR then increased that score to 11 because Barraza-Sanchez committed the illegal reentry offense while under a criminal justice sentence and within two years of his release from imprisonment. In addition, the PSR noted several other arrests and convictions that did not factor into Barraza-Sanchez's criminal history score. Based on a criminal history score of 11 (category V) and a total offense level of 21, the PSR arrived at a guidelines range of imprisonment of 70–87 months. Under the applicable statute, 8 U.S.C. § 1326(b)(2), the maximum term of imprisonment for Barraza-Sanchez's offense is 20 years.

Before sentencing, Barraza-Sanchez filed a sentencing memorandum requesting a downward variance to a term "in the area of 30 months." R., Vol. I, Doc. 19 at 3. He reasoned that the guidelines range would punish his "nonviolent and victimless" offense as harshly as the Guidelines seek to punish "some of the most depraved and heinous criminal behavior," thus making his sentence unnecessarily long. *Id.* at 2. At sentencing, Barraza-Sanchez further argued the guidelines range was "unduly harsh because it double count[ed] criminal history." R., Vol. III at 8. Both in its response to Barraza-Sanchez's sentencing memorandum and at sentencing, the government objected to a downward variance, arguing the guidelines range was not unreasonable under the factors set

-3-

forth in 18 U.S.C. § 3553(a).  After carefully considering and explaining the § 3553(a) factors, the district court granted Barraza-Sanchez's request in part, reducing the sentence to 60 months incarceration, ten months below the lower end of the guidelines range.

## II.  Analysis

Barraza-Sanchez challenges the substantive reasonableness of his sentence. We review the district court's sentence for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006).  The district court has significant discretion in sentencing, and our review for reasonableness, regardless of whether the sentence falls inside or outside of the advisory guidelines, is a review for abuse of discretion.  *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *see also United States v. Garcia-Lara*, No. 06-3054, 2007 WL 2380991, at *2 (10th Cir. Aug. 22, 2007).

The sentencing court may conclude that a sentence outside the guidelines range best promotes the sentencing factors enumerated in § 3553(a).  But the court must justify a variance by relying on "the remaining § 3553(a) factors." *Garcia-Lara*, 2007 WL 2380991, at *4.  "A court's conclusion that the Guidelines are simply 'wrong' or an inadequate reflection of the statutory sentencing purposes is an unreasonable application of the § 3553(a) factors unless the court

can justify the sentence imposed in light of the facts of the particular case considered under § 3553(a)." *Id*.

In this case, Barraza-Sanchez does not challenge the district court's careful application of the § 3553(a) factors in sentencing him. Rather, he disputes the reasonableness of USSG § 2L1.2 itself[1] because "1) the 16-level enhancement establishes an offense level for a nonviolent offense that is equal to or greater than that of many violent offenses; 2) it double-counts prior convictions by including them in both criminal history category and offense level; and 3) the definitions are over-broad." Aplt. Br. at 7. Instead of explaining why his sentence is unreasonable under the § 3553(a) factors, Barraza-Sanchez mounts a wholesale offense against a section of the Guidelines. Contrary to our warning against such a sweeping argument in *Garcia-Lara*, Barraza-Sanchez asks us to conclude that "the Guidelines are simply 'wrong.'" *Garcia-Lara*, 2007 WL 2380991, at *4. Accordingly, his arguments challenging the Guidelines, unmoored from "the facts of [his] case considered under § 3553(a)," are unpersuasive. *Id.*

Barraza-Sanchez first disputes the reasonableness of USSG § 2L1.2 because a 16-level increase in an offense level punishes his offense on par with

---

[1] Section 2L1.2 allows for a 16-level increase when, among other things, "the defendant previously was deported, or unlawfully remained in the United States, after . . . (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months." USSG § 2L1.2(b)(1).

various "more violent and heinous" crimes. Aplt. Br. at 11–12. We have recently reaffirmed that "'a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range' based on disagreements with the policies underlying a particular Guideline provision." *United States v. Wilken*, No. 06-4042, 2007 WL 2372381, at \*9 (10th Cir. Aug. 21, 2007) (quoting *United States v. McCullough*, 457 F.3d 1150, 1171 (10th Cir. 2006)). Barraza-Sanchez disagrees with Congress's policy of harshly punishing illegal reentry by a convicted felon. But this argument is properly directed at Congress and not at the federal courts. We cannot hold Barraza-Sanchez's sentence unreasonable based on a broad policy disagreement.

Second, Barraza-Sanchez challenges the "operation of Section 2L1.2 . . . because it counts criminal history twice"—to increase both his offense level and criminal history category. Aplt. Br. at 12. We rejected this exact argument in *United States v. Ruiz-Terrazas*, noting that "we have routinely upheld as reasonable the use of prior convictions to calculate both the criminal history category and a sentence enhancement where, as here, the Guidelines authorize it." 477 F.3d 1196, 1204 (10th Cir. 2007). Barraza-Sanchez does not explain how the double-counting in his case differs from numerous previous cases where we upheld it. Accordingly, his argument is unavailing.

Finally, Barraza-Sanchez argues USSG § 2L1.2 is too broad, and hence unreasonable, in that it fails to differentiate between the length of a prior

sentence, calling for "the same 16-level increase whether the sentence imposed was 13 months and one day, or 20 years." Aplt. Br. at 18. Because Barraza-Sanchez did not present this argument in the district court, we review only for plain error. "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ruiz-Terrazas*, 477 F.3d at 1199.

We previously recognized that a district court may, in its discretion, reduce the sentence when USSG § 2L1.2 severely punishes the defendant for a "comparatively innocuous . . . prior conviction." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 817 (10th Cir. 2005) ("[Defendant] was upset that an ex-girlfriend had begun seeing someone new, and he acted on his frustration by throwing a lighted match into a 1980 Oldsmobile belonging to his ex-girlfriend's new love interest[, causing damages in] the paltry sum of $35.00."). But Barraza-Sanchez presents no argument to suggest his prior conviction for distribution of marijuana is somehow innocuous. Instead, he merely points out that his "actual sentence [of 30 months for distribution of marijuana] was at the lower end of possible sentences for drug-trafficking crimes eligible for the 16-level enhancement." Aplt. Br. at 18. Without any explanation why his case warrants special treatment, Barraza-Sanchez's argument amounts to nothing more than a generalized attack on the Guidelines. Thus, in applying USSG § 2L1.2 to

calculate the guidelines range and then sentencing Barraza-Sanchez ten months

below the range, the district court committed no error, plain or otherwise.

### III.  Conclusion

For the foregoing reasons, the district court's sentence is AFFIRMED.


Entered for the Court

Timothy M. Tymkovich
Circuit Judge