**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

Plaintiff – Appellee,

v.

FERNANDO MEDINA-RODRIGUEZ

Defendant – Appellant,

No. 09-2065
(D. Ct. N.M.)
(D. Ct. No. 1:07-CR-02540-LH-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.

34.1(G). We accept this case for submission on the briefs.

Fernando Medina-Rodriguez pled guilty to one count of illegal reentry by a

removed alien. At sentencing, the district court departed downward one criminal history

category and imposed a sentence of 57 months imprisonment, the bottom end of the

advisory guideline range after the departure. Medina-Rodriguez claims multiple

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation
to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged,
except when related to law of the case, issue preclusion or claim preclusion. Any citation
to an order and judgment must be accompanied by an appropriate parenthetical notation –
(unpublished). 10th Cir. R. 32.1(A).

sentencing errors.  We affirm.

## I.    BACKGROUND

Medina-Rodriguez pled guilty to one count of reentry of a removed alien in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(2).  Following his guilty plea, the United States Probation Office prepared a Presentence Investigation Report (PSR).[1]  The PSR determined Medina-Rodriguez's total offense level was 21, representing a base offense level of 8, a 16-level enhancement pursuant to USSG §2L1.2(b)(1)(A)(i),[2] and a 3-level reduction for acceptance of responsibility.  The PSR determined Medina-Rodriguez's criminal history placed him in Criminal History Category V, resulting in an advisory guideline range of 70 to 87 months imprisonment.  The PSR noted, however, that Medina-Rodriguez's criminal history was more representative of a defendant in Criminal History Category IV than Category V.

Medina-Rodriguez moved for a variance.  He claimed he should be in Criminal History Category IV, not Criminal History Category V.  He also argued his prior conviction for arson did not support the 16-level enhancement under USSG

---

[1] The PSR was prepared using the 2007 edition of the United States Sentencing Guidelines manual.

[2] Pursuant to USSG §2L1.2(b)(1)(A)(i), the offense level for a defendant convicted of unlawfully entering or remaining in the United States should be increased by 16 levels "[i]f the defendant previously was deported . . . after [ ] a conviction for a felony that is . . . a crime of violence[.]"  On November 7, 1994, Medina-Rodriguez pled guilty to three felonies: arson, aggravated assault with a deadly weapon (tire iron), and aggravated assault with a deadly weapon (motor vehicle).  He was deported after serving his sentence.

2

§2L1.2(b)(1)(A)(i) because it was "too old" and "not necessarily that serious." (R. Vol. III at 7.) And he sought a variance under USSG §5H1.6 on the basis of "cultural assimilation."[3] (*Id.* at 8.) He explained he was "very unfamiliar with the country of Mexico" and all of his family lived in the United States. (*Id.* at 10.) The government did not object to sentencing the defendant under Criminal History Category IV but opposed any other relief from the guidelines' recommendations.

The court departed downward one criminal history category pursuant to USSG §4A1.3 because it found Category V substantially over-represented Medina-Rodriguez's criminal history. This downward departure resulted in an advisory guideline range of 57 to 71 months imprisonment. The court imposed a sentence of 57 months imprisonment stating it had "reviewed the presentence report factual findings, and [ ] considered the Sentencing Guideline applications and the factors set forth in 18 U.S.C. [§] 3553(a)(1) through (7)." (*Id.* at 11.) Medina-Rodriguez argued the sentence did not address the § 3553(a) factors. The court explained the sentence was "an implementation" of those factors. (*Id.* at 14.)

---

[3] USSG §5H1.6 is a policy statement which states: "In sentencing a defendant convicted of an offense [other than certain listed offenses], family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." By requesting the court impose a lower sentence based on §5H1.6, Medina-Rodriguez was requesting a downward departure, not a variance. A departure is a sentence imposed above or below the advisory guideline range based on an application of Chapters Four or Five of the guidelines; a variance is a sentence imposed above or below the guideline range through application of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007).

## II.     DISCUSSION

Medina-Rodriguez claims the district court erred by: (1) failing to consider the minor nature of the underlying felony (arson) in denying his motion for a downward departure; (2) failing to consider cultural assimilation, which could have warranted a below-guidelines sentence; and (3) treating a prior conviction as a sentencing factor rather than an element of the offense.

A.     Nature of the Underlying Felony

Medina-Rodriguez claims the court erred in denying his motion for a downward departure based on the minor nature of his arson conviction and its remoteness.  The court departed downward after finding the guidelines substantially over-represented Medina-Rodriguez's criminal history.  To the extent Medina-Rodriguez is challenging the court's refusal to depart even further, we lack jurisdiction.  *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006).  "This court may review a denial of a downward departure only if the denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure."  *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007).  There is nothing in the record to suggest the court thought it lacked authority to grant a further departure.  We nonetheless have jurisdiction to review the sentence imposed for reasonableness.  *See Chavez-Diaz*, 444 F.3d at 1228 (reviewing a sentence for reasonableness after concluding it lacked jurisdiction to review the court's discretionary decision to deny a downward departure).

"Our appellate review for reasonableness includes both a procedural component,

4

encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "A sentence is procedurally reasonable when the district court computes the applicable Guidelines range, properly considers the § 3553(a) factors, and affords the defendant his rights under the Federal Rules of Criminal Procedure. A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) (quotations and citation omitted).

Medina-Rodriguez objected to the procedural reasonableness of the sentence before the district court, arguing "the court's sentence does not address the factors in 18 U.S.C. [§] 3553 . . . ." (R. Vol. III at 14.) In considering whether the court properly considered the § 3553(a) factors, we review the court's legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

In arriving at a sentence, the court must consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). And, "at the time of sentencing," the court must "state in open court the reason for its imposition of the particular sentence." *Id.*, § 553(c). We have held that in a run-of-the-mill case involving a sentence within the advisory guideline range, the district court need not specifically address a request for a sentence outside the guideline range. *See United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217-18 (10th Cir. 2007). Instead, it is sufficient for the court to state how it arrived at

5

the guideline range and generally note it considered in gross the factors set forth in § (a). *See id.* Here, the court determined Medina-Rodriguez's criminal history, including his arson conviction, warranted a departure from Criminal History Category V to IV. The court then imposed a sentence at the bottom end of the guideline range after "review[ing] the presentence report factual findings, and [ ] consider[ing] the Sentencing Guideline applications and the factors set forth in 18 U.S.C. [§] 3553(a)(1) through (7)." (R. Vol. III at 11.) Medina-Rodriguez's sentence is procedurally reasonable.

Medina-Rodriguez's sentence is also substantively reasonable. "When reviewing a sentence for substantive reasonableness, this court employs the abuse-of-discretion standard." *United States v. Sells*, 541 F.3d 1227, 1237 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 1391 (2009). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotations omitted). On appeal, a sentence within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. *See id.* A defendant "may rebut [that presumption] by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § (a)." *Id.* (quotations omitted).

Medina-Rodriguez makes no effort to rebut the presumption of reasonableness but argues *United States v. Trujillo-Terrazas*, 405 F.3d 814 (10th Cir. 2005), supports his position. It does not. In *Trujillo-Terrazas*, the defendant received a 16-level enhancement pursuant to USSG §2L1.2(b)(1)(A)(ii) because he had a prior felony conviction for a crime of violence. *Id.* at 817. At sentencing, the district court judge "expressed reservations about imposing the sentence" based on the "comparatively

6

innocuous nature of [the defendant's] prior [felony] conviction." *Id.* However, at the time the defendant was sentenced, the sentencing guidelines were mandatory and the court imposed a sentence at the low-end of the guideline range, explaining "he was bound by the Guidelines." *Id.* We vacated the sentence and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005), because the court treated the guidelines as mandatory. *See id.* Here, the court did not treat the guidelines as mandatory and expressed no reservation about applying the 16-level enhancement based on Medina-Rodriguez's arson conviction. The sentence imposed was, in no way, "arbitrary, capricious, whimsical, or manifestly unreasonable." *Sells*, 541 F.3d at 1237 (quotations omitted).

B.      Cultural Assimilation

Medina-Rodriguez also claims the court erred by "refus[ing] to consider cultural assimilation which, if taken into account, could have warranted a sentence below the guideline range." (Appellant's Br. at 9.) This appears to be a challenge to the procedural reasonableness of the sentence and we will treat it as such. We review the court's legal conclusions de novo and its factual findings for plain error. *See Kristl*, 437 F.3d at 1055.

Cultural assimilation can be considered by the court in determining whether to vary from the advisory guideline range under 18 U.S.C. § 3553(a)(1). *See United States v. Galarza-Payan*, 441 F.3d 885, 889 (10th Cir. 2006). However, "[t]hat . . . a ground for a variance is available certainly does not . . . mean it is compelled." *Sells*, 541 F.3d at 1238. "[A] particular defendant's cultural ties must [still] be weighed against [the other § 3553(a)] factors . . . ." *Galarza-Payan*, 441 F.3d at 889.

Medina-Rodriguez claims he "is more familiar with the customs and culture of the United States than he is with those in Mexico. Because of that, he should not be punished in the same way as a person in similar circumstances who treats the United States only as a target or a quick opportunity, not as his homeland." (Appellant's Br. at 11.) The district court considered this argument but found it did not warrant a downward variance. We perceive no error. "We have consistently observed that reentry of an ex-felon is a serious offense." *See Martinez-Barragan*, 545 F.3d at 905. The sentence imposed is entitled to a presumption of reasonableness and the district court specifically referred to the § 3553(a) factors at sentencing. "We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance [or lack thereof]." *Smart*, 518 F.3d at 808 (quotations omitted).

C.      Treatment of Prior Convictions

Medina-Rodriguez claims the district court violated his Sixth Amendment rights by treating his prior conviction for arson as a sentencing factor rather than an element of the offense. He did not raise this constitutional challenge before the district court and thus, our review is for plain error. *See Trujillo-Terrazas*, 405 F.3d at 817. The district court did not err because Medina-Rodriguez's argument is foreclosed by United States Supreme Court and Tenth Circuit precedent.

In *Almendarez-Torres v. United States*, the Supreme Court considered whether 8

8

U.S.C. § 1326(b)(2), which increases the maximum penalty for unlawful reentry upon a finding that the alien had previously been convicted of an aggravated felony, constitutes a separate crime that had to be charged in the indictment. 523 U.S. 224 (1998). The Court held "neither the statute nor the Constitution require the Government to charge . . . an earlier conviction in the indictment." *Id.* at 226-27. The Court reaffirmed this holding in *Jones v. United States*, stating *Almendarez-Torres* "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." 526 U.S. 227, 248 (1999).

Medina-Rodriguez argues subsequent Supreme Court cases "have cast some doubt on the continued validity of *Almendarez-Torres*." (Appellant's Br. at 13.) He is correct. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) ("*Almendarez-Torres* . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided."). But that does not compel a decision in his favor. As we explained in *United States v. Moore*: "Although the Court may overrule *Almendarez-Torrres* at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the *Almendarez-Torres* exception . . . remains good law." 401 F.3d 1220, 1224 (10th Cir. 2005).

AFFIRMED.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

9